## In re McINTYRE.
### No. 18852.

District Court, W. D. Pennsylvania.

March 15, 1938.

J. P. Golden, of Kittanning, Pa., referee.

Charles E. Harrington .of Kittanning, Pa., for bankrupt.

Edwin B. Goldsmith, of Pittsburgh, Pa., and A. G. Masters, of Detroit, Mich., for Union Joint Stock Land Bank of Detroit.

GIBSON; District Judge.

In 1932 James R. McIntyre was adjudged a bankrupt.' He was the owner of a farm in Armstrong county, but his trustee was authorized to disclaim title thereto, as the liens against it were greatly in excess of its value. Later, he filed a petition under the original Frazier-Lemke Act, Bankr. Act § 75(s), 48 Stat.1289, 11 U.S.C.A. § 203 note,·but, unable to effect a composition, he was adjudged a bankrupt on February 4, 1935 (less than six years after the previous adjudication). On February 18, 1935, on his petition, appraisers were appointed, and they fixed the value of the farm at $6,245. This appraisal was never formally approved.

When the Frazier-Lemke Act was declared unconstitutional on May 27, 1935,. Louisville· Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, an execution was issued against the farm by the Union Joint Stock Land Bank of Detroit, upon a judgment upon a bond accompanying a mortgage for $15,400.57, with interest from Oc-

343

tober 13, 1932. On September 6, 1935, the debtor filed a petition under the present Frazier-Lemke Act, 11 U.S.C.A. § 203, and the Union Joint Stock Land Bank was enjoined from proceeding with its execution. A motion to dissolve the injunction was denied by a judge of this court, who referred the matter to a conciliation commissioner to fix an appraisal and a rental for the farm. On March 24, 1937, an appraisal of $6,245 was returned and a yearly rental value of $250 fixed. Later, a judge of this court dismissed exceptions to the appraisal, as not being filed in time.

On October 16, 1937, the Union Joint Stock Land Bank of Detroit filed its petition in which it set forth that its secured debt amounted to more than $18,000, upon which nothing had been paid for five years, and that taxes had not been paid for five years, and prayed the court to order that the farm be abandoned and disclaimed; or that the proceedings be dismissed because the debtor is beyond all reasonable hope of financial rehabilitation, and is possessed of no assets for the court to administer; or to direct a sale of the property under the provisions of subparagraph (3), of paragraph (s) of the Frazier-Lemke Act of 1935, 11 U.S.C.A. § 203(s) (3).

Upon hearing upon the petition of the bank and answer of the debtor, no evidence other than the record was introduced. From admissions of counsel for the debtor, —not formally made, however—we are satisfied that the debtor has no income save that small amount he obtains from the cultivation of a part of his farm, and that he has no bright hope of rehabilitation. He has already held off his mortgage creditor for about six years without a payment, and if he keeps possession of the farm at the rental of $250 a year until the end of the moratorium period, the amount paid barely will maintain the present status of indebtedness, and the creditors' situation then will be just what it is now.

But while the situation of the debtor is not such as to induce a belief in his ultimate rehabilitation, we feel that we cannot grant the petition. The sale contemplated by section 75(s) (3) is authorized only at the end of the moratorium period. A petition to dismiss the proceeding, and another to dissolve the injunction against the foreclosure of the mortgage, have been denied by one of my colleagues; and the section of the act under which the proceeding was instituted has provided no distinct method of disclaimer on the part of the court.

The petition must therefore be denied.